UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br>ROBERT RUSSELL DREW<br>(PRO SE)<br><br>Plaintiff<br><br><br><br>CASH RESERVES LLC, d/b/a<br>SMART CHOICE LENDERS also d/b/a<br>GOOD HANDS LENDING<br><br>DEFENDANT | CV15 5806 JSC<br><br>FEDERAL QUESTION / COMPLAINT<br><br><br><br><br><br>Judge: |

FILED 2015 DEC 17 P 3:20 CLERK SUSAN... US DIST...

## Nature of Action:
## FEDERAL CIVIL ACTION SEEKING DAMAGES

COMES NOW BEFORE THIS COURT, (PRO SE) Plaintiff, Robert Russell Drew, and for his Complaint states as follows:

### Introduction

1. Comes now before this honorable court, Robert Russell Drew (Pro Se) Plaintiff. Alleging multiple private rights of action claims IAW federal statute.

### Parties

2. The plaintiff in this case, Robert Russell Drew (a natural person under the law) residing at 18 Hayford court, Novato, CA, 94949 at the time(s) of of the alleged incident(s).

3. The Defendant Cash Reserves LLC, D/B/A Goodhandslanding.com also, D/B/A Smartchoicelenders.com (HEREONE known as Cash reserves) is online marketer. Located at 1 East Liberty 6th Floor, Reno, NV 89501.

## JURISDICTION

4. This court has jurisdiction in the above stated complaint as it arises due to known violations of federal law, and state laws anchored within the federal question "Pendent jurisdiction" and in accordance with current practice, the jurisdiction of federal district court as an elected option is authorized.

## Venue

5. This venue (District Court, San Francisco northern div) is appropriate as the plaintiff, during the times of all the alleged violations of law resided w/in its scope of authority.

## Intradistrict Assignment

6. This lawsuit should be assigned to the San Francisco Division of this court because a substantial part of events that gave rise to this suit occurred in Marin County.

## Factual Allegations

7. On 20 Nov 2015 the defendant CashReserves LLC Contacted the cellular phone (848-218-2227) using the number (855-534-4333).

8. On 20 Nov 2015 the defendant placed and unwanted/un-requested voice mail on the plaintiffs above stated cellular phone directing receiver to a website, smartchoicelenders.com.

9. The Same day, the Plaintiff, requested a copy of their internal Do Not Call Policy, as well as a demand/cease and desist letter (via first class mail USPS). No Response has yet been received on any accounts of the request.

10. On 14 Dec 2015, a call was received on plaintiffs cellular phone from (866-960-6330) it was a solicitation call from smartchoicelending.com also, a business under Cash Reserves LLC.

## Count I – Violation of 47 U.S.C 227
## Telephone Consumer Protection Act

11. The foregoing paragraphs 1 - 10 are incorporated herein by reference.

12. The defendant, Cash Reserves LLC negligently and/or willfully contacting Plaintiff on Plaintiff's residential telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (―TCPAǁ), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation.

    B. The TCPA was designed to prevent calls and text messages like the ones described above, and to protect the privacy of citizens. ―Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA.ǁ Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012). In enacting the TCPA,

    C. Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that ―[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Id. at § 12; see also Martin v. Leading

Edge Recovery Solutions.

13. The defendant, contacted the plaintiff using a telephone dialing system, with no prior business relationship. Even after supplying information to alert the defendant that calls were unwanted, defendant continued, and as such the plaintiff was dialed with out consent, and with no permissible reason to make said calls.

## Count II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

14. The foregoing paragraphs 1 – 10 & 12 are incorporated herein by reference.

15. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion or private concerns or affairs of the Plaintiff.

15. Plaintiff had a reasonable expectation of privacy in their solitude, seclusion or private concerns or affairs.

16. The intrusion by the Defendant occurred in a way that would be highly offensive to a reasonable person in that position

### COUNT III
### 47 CFR 64.1200 §64.1200

17. The foregoing paragraphs 1 – 10 & 12 are incorporated herein by reference.

18. No person or entity may contact:

    a. To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

    b. A person will not be liable for violating the prohibition in paragraph (a) of this section when

the call is placed to a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service, provided the number is not already on the national do-not-call registry or caller's company-specific do-not-call list.

    c. Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraph (a) through (b) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

## PRAYER FOR RELIF

17. The foregoing paragraphs are incorporated herein by reference.

18. Defendant's conduct violated 47 U.S.C 227 Telephone Consumer Protection Act.

19. Defendant willfully intended to intrude on the seclusion of another.

20. Defendant's conduct violated 47 CFR 64.1200.

21. WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

    A. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff compensatory damages to $9,000.00 pursuant to 47 U.S.C 227 (2 counts contacting a cellular telephone number, 2 counts contacting a number assigned to the national do not call registry, one count not stating name and or address during said call, one count failure to comply by not supplying copy of

Cash Reserves internal do not call policy. {Applying treble damages as defendant has contacted plaintiff after notice});

      B. Plaintiff requests an Order declaring the Defendant guilty of intrusion upon seclusion; and awarding Plaintiff actual damages to $10,000.00.

      C. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff compensatory damages to $1,000.00 pursuant to 47 CFR 64.1200 ( Two counts contacting a number on the national do not call list)

      D. That the Plaintiff shall have such other and further relief as the Court may deem just and proper.

Humbly Requested and Respectfully Submitted

*///SIGNED///*
*ROBERT RUSSELL DREW*

ROBERT RUSSELL DREW
(PRO SE) plaintiff
18 Hayford CT
Novato, CA.94949
Email: Drew3489@gmail.com

-------------------------------------------------LAST PAGE--------------------------------------------------

# CASH RESERVES LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/11/2012 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0264812012-3 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2016 |
| Managed By: | Managing Members | Expiration Date: | |
| NV Business ID: | NV20121304308 | Business License Exp: | 5/31/2016 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | INCORP SERVICES, INC. | Address 1: | 2360 CORPORATE CIRCLE STE 400 |
| Address 2: | | City: | HENDERSON |
| State: | NV | Zip Code: | 89074-7739 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

## – Officers                    Include Inactive Officers

**Managing Member - WD SERVICES LLC**

| | | | |
|---|---|---|---|
| Address 1: | 3651 LINDELL ROAD, SUITE D114 | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89103 | Country: | USA |
| Status: | Active | Email: | |

## – Actions\Amendments

| | |
|---|---|
| Action Type: | Articles of Organization |